HUBERT TAYLOR, Judge.
Appellant, Lonnie Flowers, was convicted of violating § 20-2-75, Code of Alabama 1975, which deals with the distribution of drug related objects. He was sentenced to one year in jail and fined $2000.
Flowers raises several issues concerning the constitutionality of the statute under which he was indicted. We feel that these issues have been adequately resolved by Gasser v. Morgan, 498 F.Supp. 1154 (N.D.Ala.1980), and merit no further discussion.
Flowers does, however, raise an interesting question concerning the form of his indictment. The indictment included references to, or names of, particular objects alleged to be illegal. Specifically, the indictment referred to various items as a “cocaine kit,” a “coke spoon,” and a “power hitter.” These references appear to be con-clusory labels adopted by the State and used to refer to particular items found in Flowers’s possession.
A motion was made to strike this language from the indictment as being prejudicial. The motion was denied. We are persuaded that the names or labels used by the State created a prejudicial atmosphere against Flowers. However, we are equally persuaded that the error was cured in the trial judge’s oral instruction to the jury. The indictment could easily have used such words as “apparatus,” “device,” or “appliance” in much the same way as those words are used when the indictment is for the possession of a still. See § 15-8-150(70), Code of Alabama 1975. That instruction was as follows:
“[T]he fact that there is an indictment is not any evidence, and not to be considered by you as evidence. And the fact that this Indictment characterizes or calls something a particular word, a cocaine kit, the fact that it is set out in there does not make it a cocaine kit. Or the fact that some characterization in this Indictment, the fact that it is written or typed out in here is not any evidence that it is in fact what it is laid out here to be. Whether it is in fact a drug related object must come from that witness stand, and the State must prove that to you from the evidence beyond a reasonable doubt. What is said in this Indictment is not evidence.”
Thus, it was left to the jury to determine as a factual matter the proper identity and use of the items mentioned in the indictment.
We would caution the State against using similar language in future indictments under this statute. We would view unfavorably that kind of practice.
The judgment of the lower court is affirmed.
AFFIRMED.
All the Judges concur.